# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BRIAN GARROW**, on behalf of himself and all others similarly situated, | Civil Case No.: 23-148 |
| *Plaintiff*, | **COMPLAINT - CLASS ACTION** |
| v. | |
| **JURAK WORLD WIDE, INC.**, | |
| *Defendant*. | |

## INTRODUCTION

1. This action arises out of Defendant Jurak World Wide, Inc.'s ("Defendant") marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant sends, or has sent on its behalf, telemarketing text messages advertising its products and services.

3. The TCPA prohibits sending telemarketing text messages to a person who, like Plaintiff Brian Garrow ("Plaintiff" or "Mr. Garrow"), has registered his telephone number on the National Do-Not-Call Registry, and makes sellers like Defendant liable for texts sent in violation of the TCPA's do-not-call rules.

4. Accordingly, Plaintiff brings this action on behalf of himself and a class of similarly situated individuals.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in this District and has targeted residents of this District with its telemarketing text messages.

7. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Appleton, WI.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Nevada corporation with a business address at 8022 S Rainbow Blvd, Ste 386, Las Vegas Nevada, 89139.

11. Defendant may be served via its registered agent located at 1181 Grier Drive, Suite C, Las Vegas, 89119.

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its goods and services.

14. These text messages come from telephone number (844) 634-5358 and generally

offer discounts or special deals that encourage the purchase of Defendant's products and merchandise.

15. Because each of these text messages were advertising Defendant's products, they constitute telemarketing messages and telephone solicitations.

16. Mr. Garrow is the user of a cellular telephone number ending in 8638.

17. Mr. Garrow's cellular telephone number ending in 8638 is used for residential purposes.

18. Mr. Garrow's telephone number ending in 8638 has been on the National Do-Not-Call Registry since August 2, 2014.

19. Defendants sent Mr. Garrow multiple unsolicited text messages marketing its products.

20. For example, on June 30, 2022 at approximately 10:22AM, Mr. Garrow received the following text message from Defendant:

> Thu, Jun 30 at 10:22 AM
>
> Jurak World Wide. Cue the fireworks! Our Independence Day Sale starts TODAY.
> Visit www.jurak.com to stock up on JC TONIC for up to 30% off!
>
> Text STOP to end

21. On December 15, 2022 at approximately 11:06AM, Mr. Garrow received the following text message from Defendant:



22. Mr. Garrow received similar telemarketing text messages from Defendant on at least May 29, 2022, July 5, 2022 and August 14, 2022.

23. Mr. Garrow never provided prior express written consent (or any consent) to Defendant for these text messages.

**<u>DEFENDANT'S LIABILITY</u>**

24. Because Defendant's text messages constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they sent these text messages.

25. "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the

4

signatory authorizes such advertisements or telemarketing messages to be delivered.

26. Plaintiff never provided Defendant with any consent, written or otherwise.

27. The TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

28. Plaintiff's number was on the National Do-Not-Call Registry prior to the text messages at issue here.

29. While the exact number of texts to Plaintiff's telephone numbers will be determined in discovery, Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C § 227(c).

30. Accordingly, for violations of 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per text message.

31. Plaintiff is entitled to an additional $1500 per text message if Defendant's actions are found to be knowing or willful.

32. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy; and
- Nuisance.

33. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "Class" as defined as follows:

> All persons within the United States, from four years prior to the filing of this action, to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls or messages in a 12-month period, when the telephone number to which the telephone call or message was made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls.

35. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

36. The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

37. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant sent its text messages;

   b. The telephone numbers to which Defendant sent its text messages;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such text messages; and

   e. The names and addresses of Class members.

38. The Class is comprised of hundreds, if not thousands, of individuals.

39. There are common questions of law and fact affecting the rights of the members of the Class, including, *inter alia*, the following:

a. Whether Defendant (or someone acting on its behalf) sends telemarketing text messages;

   b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

   c. Whether Defendant or the entity with which it contracts makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

   d. Whether Defendant's statutory violations were willful and knowing; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. Plaintiff is a member of the Class in that Defendant placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent and while his telephone number was on the National Do-Not-Call Registry.

41. Plaintiff's claims are typical of the claims of the members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

42. Plaintiff and all putative members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

43. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

44. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

45. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

46. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member make individual actions uneconomical.

48. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Class)

49. Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-48 as if fully set forth herein.

50. Defendant made, or had made on its behalf, telephone solicitations to Plaintiff's and putative Class Members' telephone numbers.

51. Plaintiff's and putative Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

52. Plaintiff and putative Class Members each received two or more such calls in a 12-month period.

53. Plaintiff and putative Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and putative Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Plaintiff BRIAN GARROW, on behalf
of himself and all others similarly situated,

By: */s/ Max S. Morgan*
    Eric H. Weitz, Esquire*
    Max S. Morgan, Esquire
    **THE WEITZ FIRM, LLC**
    1515 Market Street, #1100
    Philadelphia, PA 19102
    Phone: (267) 587-6240
    Fax: (215) 689-0875
    max.morgan@theweitzfirm.com
    eric.weitz@theweitzfirm.com

(*pro hac vice forthcoming)